UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

06 CV 7749

JUDGE JONES

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

LESLIE R. BLUMGOLD,

                                        Plaintiff,

                -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT    OF    HEALTH    AND    MENTAL
HYGIENE, THE NEW YORK CITY DEPARTMENT OF
CORRECTIONS,   KELVIN   MITCHELL,   MICHAEL
ASH, BALIGN JOHNSON, ERIC HALL, PAT BROWN,
MICHAEL ARAGON, CARL GESKIN AND OTHER
UNNAMED   INDIVIDUALS   EMPLOYED   BY   THE
CITY OF NEW YORK YET TO BE DETERMINED,

                                        Defendants.

**NOTICE OF REMOVAL**

Docket No. 06 Civ. _____

SEP 27 2006

U.S. _____
CASHIERS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**TO:**     **THE UNITED STATES DISTRICT COURT,
            SOUTHERN DISTRICT OF NEW YORK**

        Defendants The City of New York, The New York City Department of Health and

Mental Hygiene, and The New York City Department of Corrections (collectively "City

Defendants")[1] in the above-captioned action presently pending in the Supreme Court of the State

of New York, County of Bronx, by and through their attorneys, Michael A. Cardozo,

Corporation Counsel of the City of New York, respectfully show this Court as follows:

        1.      On or about September 7, 2006, City Defendants were served with a

Summons and Complaint in the above-entitled action, pending in the Supreme Court of the State

of New York, County of Bronx, Index No. 20510/2006, naming the above-captioned defendants

---

[1] Upon information and belief, the individually named defendants have not been properly served
with a summons and complaint in this action.

as defendants therein, and setting forth the claims for relief upon which the action is based. A copy of the Summons and Complaint is annexed hereto as Exhibit "A."

2.    The above-captioned action is a civil action of which the District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges claims which arise under the Constitution and /or laws of the United States. This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. §§ 1441(b) and 1443.

3.    Plaintiff brings this lawsuit alleging, *inter alia*, unlawful discrimination and alleged violation of plaintiff's federal constitutional rights and asserts alleged causes of action pursuant to, *inter alia*, 42 U.S.C. § 2000-e (Title VII), and 42 U.S.C. §1983. See Exhibit "A".

4.    City Defendants are unaware of any previous application for the relief requested herein.

**WHEREFORE**, City Defendants respectfully request that the above-captioned action be removed from the Supreme Court of the State of New York, County of Bronx, to the

United States District Court for the Southern District of New York.

Dated:      New York, New York
            September 27, 2006

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for City Defendants
                              100 Church Street, Room 2-193
                              New York, New York  10007
                              (212) 788-0903

                              By: _____
                                  Lisa M. Griffith (LG0820)
                                  Assistant Corporation Counsel

TO:      Ezra B. Glaser
         3985 Gouveneur Avenue, Suite 12D
         Bronx, New York 10463
         (Attorney for Plaintiff)

# EXHIBIT A

2006-006014

| | |
|---|---|
| **SUPREME COURT OF THE STATE OF NEW YORK**<br>**COUNTY OF BRONX**<br><br>————————————————————X<br>**LESLIE R. BLUMGOLD**<br> **Plaintiff,** <br> - against - <br>**THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, KELVIN MITCHELL, MICHAEL ASH, BALIGN JOHNSON, ERIC HALL, PAT BROWN, MICHAEL ARAGON, CARL GESKIN AND OTHER UNNAMED INDIVIDUALS EMPLOYED BY THE CITY OF NEW YORK YET TO BE DETERMINED,**<br> **Defendants.** <br>————————————————————X | **SUMMONS**<br><br>Index #: 20510/2006<br><br>Date of filing: 9/6/06<br><br>Plaintiffs designate:<br>**BRONX** County<br>as the place of trial<br><br>Basis of the venue is:<br>**PLAINTIFF's RESIDENCE**<br><br>**Plaintiff's residence is:**<br>3985 Gouverneur Avenue<br>Bronx, NY 10463 |

**TO THE ABOVE NAMED DEFENDANT:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance upon the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

| **Defendants' address:** | **Plaintiff's attorney:** |
|---|---|
| <br>THE CITY OF NEW YORK<br>c/o MICHAEL A. CARDOZO, Esq.<br>Corporation Counsel of the<br>City of New York<br>100 Church Street<br>New York, New York 10007<br><br>THE NEW YORK CITY<br>DEPARTMENT OF CORRECTIONS<br>c/o Corporation Counsel<br>of the City of New York<br>100 Church Street<br>New York, New York 10007<br><br>THE CITY OF NEW YORK DEPARTMENT OF<br>HEALTH AND MENTAL HYGIENE<br>225 Broadway,<br>New York, New York 10007 | EZRA B. GLASER<br>Attorney for the Plaintiff<br>LESLIE BLUMGOLD<br>3985 Gouverneur Avenue (Suite 12D)<br>Bronx, New York 10463<br>(718) 601-7349 |

KELVIN MITCHELL
c/o THE CITY OF NEW YORK DEPARTMENT OF
HEALTH AND MENTAL HYGIENE
225 Broadway,
New York, New York 10007

MICHAEL ASH
c/o THE CITY OF NEW YORK DEPARTMENT OF
HEALTH AND MENTAL HYGIENE
225 Broadway,
New York, New York 10007

BALIGN JOHNSON
c/o THE CITY OF NEW YORK DEPARTMENT OF
HEALTH AND MENTAL HYGIENE
225 Broadway,
New York, New York 10007

ERIC HALL
c/o THE CITY OF NEW YORK DEPARTMENT OF
HEALTH AND MENTAL HYGIENE
225 Broadway,
New York, New York 10007

PAT BROWN
c/o THE CITY OF NEW YORK DEPARTMENT OF
HEALTH AND MENTAL HYGIENE
225 Broadway,
New York, New York 10007

MICHAEL ARAGON
c/o THE CITY OF NEW YORK DEPARTMENT OF
HEALTH AND MENTAL HYGIENE
225 Broadway,
New York, New York 10007

CARL GESKIN
c/o THE CITY OF NEW YORK DEPARTMENT OF
HEALTH AND MENTAL HYGIENE
225 Broadway,
New York, New York 10007

Dated:          September 5, 2006

EZRA B. GLASER, Esq.
Bronx, New York

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
LESLIE R. BLUMGOLD

                                                            Plaintiff,

                            - against -

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL HYGIENE,
THE   NEW   YORK   CITY   DEPARTMENT   OF
CORRECTIONS, KEVIN MITCHELL, MICHAEL ASH,
BALIGN JOHNSON, ERIC HALL, PAT BROWN;
MICHAEL ARAGON, CARL GESKIN AND OTHER
UNNAMED INDIVIDUALS EMPLOYED BY THE CITY
OF NEW YORK YET TO BE DETERMINED,
                                                         Defendants.

**COMPLAINT**

Index #: 20510/2006

Plaintiff, by his attorney, EZRA GLASER, complaining of the defendants herein upon information and belief, respectfully shows to this Court, and alleges as follows:

1.      The Plaintiff, LESLIE R. BLUMGOLD, a Social Worker formerly employed by the Defendant, CITY OF NEW YORK, brings this action for wrongful termination, sexual harassment, sexual abuse, violations of human rights, religious discrimination and intentional and negligent infliction of emotional distress which occurred in retaliation for complaints Plaintiff made about inmate abuse while carrying out his job responsibilities in a professional manner while he served as an employee of The City of New York, Department of Health and Mental Hygiene in the operation of the Rikers Island Correctional Facility (hereinafter, "Rikers") and the Bernard B. Kerik Complex (hereinafter, "BBKC").

2.      As will be alleged herein, the employees of the Defendant entity, THE CITY OF NEW YORK DEPARTMENT OF HEALTH AND MENTAL HYGIENE, intentionally, with

personal animosity, malice and in bad faith selectively and wrongfully terminated the Plaintiff, LESLIE R. BLUMGOLD, and targeted the Plaintiff for abuse of his human rights, his civil rights, sexual abuse, sexual discrimination, religious discrimination and repeated harassment.   In doing so, the Defendants made the performance of the Plaintiff's job duties impossible and untenable.

3.      The Defendants also, in the course of their employment, purposefully subjected the Plaintiff to human rights abuses due to the abuse and torture that they committed upon the inmates, and ultimately wrongfully terminated the Plaintiff for complaints about human rights abuses and torture of inmates.

4.      Plaintiff was employed by **THE CITY OF NEW YORK DEPARTMENT OF HEALTH AND MENTAL HYGIENE** as a Social Worker at Rikers, and subsequently, at BBKC (after transfer), from Sept. 13, 2004 until June 8, 2005.  His job responsibility was to perform discharge services for Brad H. clients (that is, individuals who are deemed to need supportive services from a Social Worker due to psychiatric problems).   In the course of his employment, Plaintiff worked in the Mental Observation (MO) area of Rikers, where the most psychiatrically disturbed patients are placed.  Plaintiff was then transferred to General Population, where the inmates are more functional.  From the beginning of his employment, Plaintiff witnessed repeated and severe physical, psychological, and emotional abuse upon inmates, by Corrections Officers and Captains.  This ranged from verbal abuse, to numerous instances of physical abuse. The most serious of such instances of physical abuse included, though was not limited to: beatings for not showering among the most severely psychologically impaired patients; the handcuffing of an inmate, and in turn, placing him on his knees, while eight

Corrections Officers repeatedly beat him while he begged for them to stop and repeatedly asked why he was being beaten. The captain was supervising the beating.

5.      On 10/20/04, Plaintiff first reported an instance of patient abuse to one Captain Ryan after inmate Nestor Galindo (B&C #349-04-16020) came to Plaintiff and complained about three Correction Officer's beating him. Plaintiff then reported this incident to Captain Ryan, who showed indifference. Within one hour, Drug Counselor Juan De La Rosa warned Plaintiff that he should not report violence by Corrections Officers upon inmates, and that the consequences of such action would be that Plaintiff would "get a bad name," that he "won't be protected if he gets jumped by inmates" and to "stay away from it, it's trouble."

6.      On 10/21/04, Plaintiff reported this incident and the subsequent conversations with Captain Ryan and Drug Counselor Juan De La Rosa to his Supervisor, Defendant BALIGN JOHNSON, and was told by said Defendant that he was putting his life at risk by reporting these incidents and could not "protect" Plaintiff if he continued to report these abuses.      During the same conversation with Defendant, BALIGN JOHNSON, Plaintiff was informed that the Corrections Officers would take a "slow walk" to him if he continued to make such reports of brutality – which specifically meant that the Corrections Officers would arrange for the psychiatric inmates to attack Plaintiff as a group while he was in the MO area and purposely, not be present during the attack, thus not protecting him. Similar to the previous conversation, Plaintiff was also told that he would "get a bad name" if he continued to report beatings.

7.      That during a subsequent conversation, Plaintiff's Supervisor, Defendant BALIGN JOHNSON, informed Plaintiff that his car would be "keyed," or that even worse

consequences could ensue, if he continued to report these abuses. He also stated that he could not protect Plaintiff from any of these threats if Plaintiff continued to report these abuses.

8.      That consequently, Plaintiff was locked into the MO area two times during his work with the inmates without a Correction Officer present – where the most disturbed and dangerous psychiatric criminals from Rikers were kept. This action was purposely intended as retribution for his complaints of inmate abuse.

9.      That on 10/21/04, the Plaintiff personally witnessed a Correction Officer purposely slamming a patient's shoulder into a metal door because the inmate had gone limp on the floor in the Harts Island Clinic (in the MO area).

10.     That on 10/21/04, the Plaintiff was verbally assaulted by a Correction Officer, who in the presence of other Correction Officers, stated to Plaintiff: "what up, fem." After uttering the comment, the other Correction Officers laughed, and walked away.

11.     On 11/5/04, Captain Ryan supervised the beating of an inmate by eight other Correction Officers.  While this inmate was being repeatedly beaten throughout his head, chest and back, the inmate repeatedly screamed out: "Why are you beating me?"

12.     That on 11/8/04, the Plaintiff reported the afore-referenced beating to Defendant BALIGN JOHNSON, but requested for that report, and all further reports, remain anonymous.  Upon information and belief, Defendant BALIGN JOHNSON took no action as a result of said complaint.

13.     On 11/11/04, inmate Abraham Sanongo (B&C #7000-40-13691) showed Plaintiff marks, bruises and cuts on both wrists, swollen fingers.  He said a CO beat him because he did not wish to go to the hospital two days earlier.

14.    That on 11/17/04, the Plaintiff witnessed a conversation between approximately ten CO's.  One of the CO's stated gleefully that he had "shoved a stick up an inmate's ass" in the staircase, outside of the MO area, with three other CO's present.  This CO then stated: "Oh, I hope there's not a warden around."

15.    That on 11/18/04, inmate Michael McKinley reported to Plaintiff that he had been beaten by a CO.  Plaintiff asked the CO about this incident, and the CO admitted that he had in fact beaten the aforementioned inmate.

16.    That on 11/22/04, the Plaintiff, during a meeting with his Supervisor, BALIGN JOHNSON, and a co-worker, George Mack, Defendant BALIGN JOHNSON received a phone call from a CO Captain and that as a consequence of said conversation, Johnson stated to Plaintiff that "someone's been complaining about CO's beating patients." Johnson then stated: "be careful, or you won't be protected."

17.    That on 11/26/04, Plaintiff observed that an inmate, Stanislav Lukawicz, had bruises.  Said inmate reported to the plaintiff that he had indeed been beaten for "talking too much" by a Corrections Officer.

18.    On 12/12/04, Plaintiff observed an inmate stating that five inmates had raped him.  He also stated that members of DOC told said inmate that he would be killed if he complained about said incident.  During the very interview where said inmate was being interviewed by mental health workers, members of DOC came and removed patient and his charts before any information was ever entered on his chart – thus making it impossible for mental health workers to take or report any action.

19.     On 12/14/04, Plaintiff observed a CO Captain telling an inmate while taking him to the main clinic at AMKC: "so write down that you fell, and everything will be all right." This inmate's face was black and blue and swollen.

20.     On 12/15/04, Plaintiff heard a Correction Officer state: "they're all fags," while standing in front of AMKC.

21.     That on 1/31/05, Plaintiff observed an inmate, with the last name "Furlong," beaten about the face and body. Said inmate then came to Plaintiff, and asked to speak to a Captain in or near the presence of the CO that beat him. The CO then threatened the inmate with a further beating if he reported it.

22.     Plaintiff continued to report abuses anonymously, but had already been identified as the complainant. Consequently, while walking in the hall with a co-worker, Maya Banks (female), Plaintiff was accosted by an inmate while a CO observed and made no attempt to protect him. When Plaintiff called out for help several times, this CO stated: "you talk to them," and refused to do anything.

23.     On 2/24/05, Plaintiff observed 10 Corrections Officer Captains in the clinic – who were having a conversation about the fact that an inmate who had requested medical care but was refused such care died in his cell that night. On the same day, Plaintiff verified this information from this incident with his colleagues.

24.     During the interim, the Plaintiff experienced numerous instances of sexual abuse and harassment by several employees at the Rikers and BBKC facilities that were specifically directed at him. This was in the form of inappropriate touching, graphic sexual commentary and discussion by other workers in the Plaintiff's presence, as well as inappropriate anti-Semitic discussions directed at the Plaintiff concerning his

religious background.  Despite repeated complaints to his supervisors and the fact that his supervisors repeatedly witnessed such events, said supervisors ignored both the conduct and the complaints whenever they occurred.  It is alleged that this abuse was specifically directed toward Plaintiff due to the specific desire of certain workers to create an uncomfortable and demeaning environment for him – as retribution for complaints of inmate abuse, and due to both his sexual and religious background and as retribution for complaints of inmate abuse.

25.    During meetings of Corrections Officers (who often congregated at certain locations at the Rikers facility), the Plaintiff was repeatedly caused to endure profanity, as well as homophobic, racist and sexist remarks.

26.    On 2/2/05, Plaintiff heard one Debbie Israel, an employee of the Defendants, in the presence of one Cleola Piderit, stating: "the Jews deserve what they got in World War II, because they were taking over everything in Germany back then."

27.    On 4/18/05, when Plaintiff asked for air conditioning to be put on, a Corrections Officer stated: "Take off your clothes."

28.    On 5/13/05, Plaintiff was told by Maya Banks that Ms. Cleola Pideret referred to Plaintiff as a "faggot."

29.    On June 8, 2005 Plaintiff was terminated without any reason by the Defendants THE CITY OF NEW YORK and THE CITY OF NEW YORK DEPARTMENT OF HEALTH AND MENTAL HYGIENE, by and through the Defendants MICHAEL ARAGON and CARL GESKIN.

The Plaintiff alleges as follows:

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS**

30.    That Plaintiff was wrongfully terminated by the Defendants due to the fact that he reported abuse and torture of inmates by Corrections Officers at the Rikers facility.

31.    That the termination of Plaintiff on June 8, 2005 was retaliatory for the instances of abuse that he reported to his supervisors at the Rikers and BBKC facilities.

32.    That the Defendants, KELVIN MITCHELL, MICHAEL ASH, BALIGN JOHNSON, ERIC HALL, PAT BROWN, MICHAEL ARAGON and CARL GESKIN, as supervisory personnel for the City Defendants THE CITY OF NEW YORK and THE CITY OF NEW YORK DEPARTMENT OF HEALTH AND MENTAL HYGIENE, knowingly, negligently, intentionally, maliciously or recklessly participated in the wrongful termination of the Plaintiff as part of a pattern to protect and/or participate with employees of the Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS for the numerous instances of inmate abuse and torture as indicated heretofore.

33.    That the said wrongful termination of the Plaintiff by the Defendants and their employees occurred in violation of the Plaintiff's civil rights and human rights under New York Executive Law §291, New York Executive Law §296, various New York City statutes, ordinances and regulations, 42 U.S.C. §2000 (Title VII), 42 U.S.C. §1983, the Fourteenth Amendment to the United States Constitution, various other federal statutes, the U.N. Universal Declaration of Human Rights and various other international covenants, laws and treaties on human rights.

34.    That as a result of the foregoing, the Plaintiff demands judgment in an amount that exceeds the jurisdiction of all courts lower than the Supreme Court on the first cause of action.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS**

35.    Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 34 above as if fully set forth herein.

36.    That each of the Defendants violated Plaintiff's human rights and civil rights, by subjecting the Plaintiff to numerous instances of inmate abuse, torture and the violation of the inmates' human rights.  In doing so, the Defendants made it impossible for the Plaintiff to engage in his profession as a Social Worker in a professional manner, and instead was forced to endure the numerous instances of patient abuse and torture as detailed herein.  Additionally, the Plaintiff was put at risk for his own physical safety by the Defendants, and was forced to endure psychological duress by being put at risk as described.

37.    That said violations of the Plaintiff's human rights occurred in direct violation of Executive Law §291, New York Executive Law §296, various New York City statutes, ordinances and regulations, 42 U.S.C. §2000 (Title VII), 42 U.S.C. §1983, the Eighth and Fourteenth Amendments to the United States Constitution, various other federal statutes, the U.N. Universal Declaration of Human Rights and various other international covenants, laws and treaties on human rights.

38.    That as a result of the foregoing, the Plaintiff demands judgment in an amount that exceeds the jurisdiction of all courts lower than the Supreme Court on the second cause of action.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANTS**

39.    Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 38 above as if fully set forth herein.

40.   That the Plaintiff was subjected to sexual harassment due to the above-referenced actions and commentary by the employees of the Defendants, THE CITY OF NEW YORK and THE CITY OF NEW YORK DEPARTMENT OF HEALTH AND MENTAL HYGIENE, in violation of the Plaintiff's civil rights and human rights under New York Executive Law §291, New York Executive Law §291, various New York City statutes, ordinances and regulations, 42 U.S.C. §2000 (Title VII), 42 U.S.C. §1983, the Fourteenth Amendment to the United States Constitution, various other federal statutes, the U.N. Universal Declaration of Human Rights and various other international covenants, laws and treaties on human rights.

41.   That the Defendants, THE CITY OF NEW YORK and THE CITY OF NEW YORK DEPARTMENT OF HEALTH AND MENTAL HYGIENE had notice of the aforementioned instances of harassment, the violation of Plaintiff's civil rights and the violation of Plaintiff's human rights, based on notice and the active involvement of supervisory personnel discussed herein.

42.   That as a result of the foregoing, the Plaintiff demands judgment in an amount that exceeds the jurisdiction of all courts lower than the Supreme Court on the third cause of action.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE DEFENDANTS**

43.   Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 42 above as if fully set forth herein.

44.   That the Plaintiff was subjected to a hostile work environment due to the above-referenced actions and commentary by the employees of the Defendants, THE CITY OF NEW YORK and THE CITY OF NEW YORK DEPARTMENT OF HEALTH AND

MENTAL HYGIENE, in violation of the Plaintiff's civil rights and human rights under New York Executive Law §291, New York Executive Law §291, various New York City statutes, ordinances and regulations, 42 U.S.C. §2000 (Title VII), 42 U.S.C. §1983, the Fourteenth Amendment to the United States Constitution, various other federal statutes, the U.N. Universal Declaration of Human Rights and various other international covenants, laws and treaties on human rights.

45.    That the Defendants, THE CITY OF NEW YORK and THE CITY OF NEW YORK DEPARTMENT OF HEALTH AND MENTAL HYGIENE had notice of the aforementioned instances of harassment, discrimination and hostile work environment created by the Defendant, based on notice to supervisory personnel discussed heretofore.

46.    That as a result of the foregoing, the Plaintiff demands judgment in an amount that exceeds the jurisdiction of all courts lower than the Supreme Court on the fourth cause of action.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THE DEFENDANTS

47.    Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 46 above as if fully set forth herein.

48.    That as a Jewish American, the Plaintiff was subjected to religious discrimination due to the above-referenced actions and commentary by an employee of the Defendants, THE CITY OF NEW YORK and THE CITY OF NEW YORK DEPARTMENT OF HEALTH AND MENTAL HYGIENE (see Paragraph numbered "27"), in violation of the Plaintiff's civil rights and human rights under New York Executive Law §291, New York Executive Law §296, various New York City statutes, ordinances and regulations,

42 U.S.C. §2000 (Title VII), 42 U.S.C. §1983, the Fourteenth Amendment to the United States Constitution, various other federal statutes, the U.N. Universal Declaration of Human Rights and various other international covenants, laws and treaties on human rights.

49.    That the Defendants, KELVIN MITCHELL, MICHAEL ASH, BALIGN JOHNSON, ERIC HALL, PAT BROWN, MICHAEL ARAGON and CARL GESKIN, as supervisory personnel for the City Defendants THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, knowingly, negligently, intentionally, maliciously or recklessly participated in a pattern of religious discrimination and harassment against the Plaintiff based on the aforementioned conduct and the of harassment and discrimination practiced by the employees of the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, as detailed above.

50.    That the Defendants, THE CITY OF NEW YORK and THE CITY OF NEW YORK DEPARTMENT OF HEALTH AND MENTAL HYGIENE had notice of the aforementioned instances of religious discrimination and harassment practiced against the Plaintiff, based on notice to supervisory personnel, as described herein.

51.    That as a result of the foregoing, the Plaintiff demands judgment in an amount that exceeds the jurisdiction of all courts lower than the Supreme Court on the fifth cause of action.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST THE DEFENDANTS

52.    Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 51 above as if fully set forth herein.

53.    That as a result of the foregoing actions of the Defendants, the Plaintiff was forced to endure the intentional infliction of emotional distress.

54.    That as a result of the foregoing, the Plaintiff demands judgment in an amount that exceeds the jurisdiction of all courts lower than the Supreme Court on the sixth cause of action.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST THE DEFENDANTS

55.    Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 55 above as if fully set forth herein.

56.    That as a result of the foregoing actions of the Defendants, the Plaintiff was forced to endure the negligent infliction of emotional distress.

57.    That as a result of the foregoing, the Plaintiff demands judgment in an amount that exceeds the jurisdiction of all courts lower than the Supreme Court on the seventh cause of action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST THE DEFENDANTS

58.    Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 57 above as if fully set forth herein.

59.    That the foregoing actions of the Defendants in violation of the Plaintiff's civil and human rights occurred under "color of law" under 42 U.S.C. §1983.

60.    That as a result of the foregoing, the Plaintiff demands judgment in an amount that exceeds the jurisdiction of all courts lower than the Supreme Court on the eighth cause of action.

### AS AND FOR A NINTH CAUSE OF ACTION AGAINST THE DEFENDANTS

61.    Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 60 above as if fully set forth herein.

62.    Plaintiff states a claim for reasonable attorneys fees pursuant to 42 U.S.C. §1988.

63.    That as a result of the foregoing, the Plaintiff demands judgment in an amount that exceeds the jurisdiction of all courts lower than the Supreme Court on the eighth cause of action.

**WHEREFORE,** Plaintiff prays for a judgment in an amount that exceeds the jurisdiction of all courts lower than the Supreme Court on the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth causes of action, and awarding compensatory damages, costs, disbursements, reasonable attorneys fees, punitive damages, equitable relief and all other relief to which this Honorable Court deems Plaintiff is entitled to under the applicable laws, and which it deems to be fair, equitable and just.

Dated:       Bronx, New York
             September 5, 2006

_____
Ezra B. Glaser, Esq.
Attorney for the Plaintiff
LESLIE R. BLUMGOLD
3985 Gouverneur Avenue (Suite 12D)
Bronx, New York 10463
(718) 601-7349

Index #: 20510/2006

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------X
LESLIE R. BLUMGOLD

                                                    Plaintiff,


                      - against -


THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL HYGIENE,
THE NEW YORK CITY DEPARTMENT OF
CORRECTIONS, KELVIN MITCHELL, MICHAEL ASH,
BALIGN JOHNSON, ERIC HALL, PAT BROWN, MICHAEL
ARAGON, CARL GESKIN AND OTHER UNNAMED
INDIVIDUALS EMPLOYED BY THE CITY OF NEW YORK
YET TO BE DETERMINED,

                                                    Defendants.

--------------------------------------------------------------------X

# SUMMONS AND COMPLAINT

--------------------------------------------------------------------X

                      Ezra B. Glaser, Esq.
                      Attorney for the Plaintiff
                      LESLIE BLUMGOLD
                      3985 Gouverneur Avenue (Suite 12D)
                      Bronx, New York 10463
                      (718) 601-7349